**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 16-cv-23927-JAL

FRANCISCO ZAMBRANA,

Plaintiff,

v.

CITY OF OPA-LOCKA,

Defendant.
______________________________/

**DEFENDANT, CITY OF OPA-LOCKA'S, MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

The Defendant, CITY OF OPA LOCKA ("City"), by and through its undersigned attorneys, and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, moves for the entry of an order dismissing the Complaint (DE 1) filed by Plaintiff, FRANCISCO ZAMBRANA, for failure to state a claim upon which relief can be granted, and as grounds states:

## I. Introduction

1. The Complaint alleges that the City engaged in a practice of threatening, intimidating, and extorting Plaintiff as he tried to obtain a license to operate a business in the City. Complaint, ¶ 10.

2. Plaintiff has sued the City for the purported denial of equal protection based on his national origin (Nicaraguan) and for purported substantive and procedural due process violations. Complaint, generally.

3. The Complaint violates Federal Rule of Civil Procedure 8. No dates are included whatsoever. It is impossible to determine whether the claims are timely.

4. Count I -- alleging violations of the Plaintiff's equal protection rights -- should be dismissed because Plaintiff has failed to identify any sufficient comparators.

5. Count II -- Plaintiff's due process claims -- fail as Plaintiff was not denied a fundamental right and because adequate state remedies exist.

## II. Memorandum of Law

### A. Violation of Rule 8

A complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a *"largely groundless claim"* does not proceed through discovery and *"take up the time of a number of other people . . . ."* Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007)). The requirements of Rule 8 do *"not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."* Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 *"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."* 556 U.S. at 678, 129 S.Ct. at 1949. *"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"* Id. (quoting Twombly, 550 U.S. at 555). Thus, *"conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."* Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

*Sub judice*, Plaintiff alleges various claims for purported violations of Constitutional rights. The four year statute of limitations under Fla. Stat. § 95.11(3) applies to such claims arising in Florida. See Ellison v. Lester, 275 F. App'x 900, 901-02 (11th Cir. 2008); City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). **Plaintiff's Complaint includes no dates whatsoever.** It is therefore impossible to decipher if the claims were brought in a timely manner. The Complaint should be dismissed with leave to amend to plead the specific or approximate date of each such alleged violation.

**B. Counts I and II (42 USC § 1983) - No unconstitutional policy or custom alleged**

The City can only be liable under § 1983 *"when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."* of which Plaintiff complains. Monell v. Dep't. of Social Services, etc., 436 U.S. 658, 691 (1978); Mercado v. City of Orlando, 407 F.3d 1152 (11th Cir. 2005); Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). To establish the City's § 1983 liability based on a "custom," Plaintiff must allege **facts** establishing an unconstitutional practice so widespread that, *"although not authorized by written law or express municipal policy,"* it is *"so permanent and well settled as to constitute a custom or usage with the force of law."* Brown v. City of Fort Lauderdale, 923 F. 2d 1474, 1481 (11th Cir. 1991). The allegations must reflect a practice so *"long-standing and widespread,"* that it can be *"deemed authorized by the policy-making officials because they must have known about it but failed to stop it."* Id.

A failure to prevent an isolated incident, however, cannot be deemed tacit approval. *"Random or isolated incidents are insufficient to establish a custom or policy."* Depew v. City of St. Mary's, 787 F. 2d 1496, 1499 (11th Cir. 1986); Owaki v. City of Miami, 491 F. Supp. 2d 1140, 1158 (S.D. Fla. 2007).

Plaintiff's complaint is devoid of any allegations of fact establishing a long-standing City custom of allowing purported threats and extortion of individuals. While the complaint broadly accuses the City of possessing a *"practice and custom of threatening, intimidating and extorting individuals . . . based on national origin"* that was *"authorized by policymakers,"* it does not cite to a single other incident similar to Plaintiff's incident. Complaint, ¶¶ 45-46, 50-51. Plaintiff has proffered no facts which would establish that any City policy or custom was the "moving force" behind Plaintiff's purported constitutional deprivation as required by Monell, supra. The §1983 claims against the City must be dismissed.

**C. No Equal Protection Claim (Count I)**

Because the Equal Protection Clause vindicates unequal treatment, Plaintiff must point to a similarly situated comparator. Watson v. Div. of Child Support Servs., 560 Fed. Appx. 911, 913 (11th Cir. 2014) ("*To state an equal protection claim, a plaintiff must demonstrate that similarly situated persons outside his protected class were treated more favorably and that the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.*"). Plaintiff must show *"the state engaged in invidious discrimination against him based on race, religion,*

*national origin, or some other constitutionally protected basis.*" Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1318-19 (11th Cir. 2006); see also Schwarz v. City of Treasure Island, 544 F.3d 1201, 1212, n.6 (11th Cir. 2008) (noting that *"the equal protection clause prohibits only intentional discrimination."*). **The Complaint includes no facts establishing that the City engaged in invidious discrimination on the basis of Plaintiff's national origin.**

At the crux of a successful equal protection claim is the similarity of the two comparators. Differential treatment of dissimilarly situated persons does not offend the Equal Protection Clause. Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006)(citing E&T Realty v. Strickland, 830 F.2d 1107, 1112 (11th Cir. 1987). Equal protection plaintiffs **must** provide specific details in making their claims so the court may determine whether the proposed comparator was similarly situated in *"all relevant respects."* Campbell, 434 F.3d at 1314 (citing Strickland v. Alderman, 74 F.3d at 264-65; Racine Charter One, Inc. v. Racine Unified School Dist., 424 F.3d 677, 680 (7th Cir. 2005) (finding that *"[t]o be considered 'similarly situated,' comparators must be prima facie identical in all relevant respects"*); Griffin Industries, Inc., v. Irvin, 496 F.3d 1189 (11th Cir. 2007); Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316-19 (11th Cir. 2003); Maulding Development, L.L. C. v. City of Springfield, Ill., 453 F.3d 967 (7th Cir. 2006).

*Sub judice*, the Complaint fails to even allege that any comparators exist (much less identify any such purported comparators). Because Plaintiff has not alleged that any other similarly situated property owner is being treated differently and because the Complaint fails to identify any facts establishing that the City engaged in invidious discrimination against

Plaintiff because of his national origin, Plaintiff's equal protection claim fails. Count I must be dismissed.

**D. No valid due process claim**

The Complaint alleges that the City *"enforced a practice and custom of threats, intimidation and extortion to deprive individuals, including Plaintiff, of their property and rights, without procedural and substantive due process guaranteed under the Constitution, and in violation thereof."* Complaint, ¶ 50. The Complaint fails to state valid due process claims.

**1. No substantive due process violation**

As explicitly stated by the Eleventh Circuit in McKinney v. Pate, 20 F.3d. 1550 (11th Cir. 1994) (en banc), cert. denied, 513 U.S. 1110 (1995), the substantive component of the Fourteenth Amendment Due Process Clause protects only the *"fundamental"* rights which are actually enumerated in the Constitution's Bill of Rights (freedom of speech, freedom of religion, freedom from unreasonable seizures, freedom from incarceration). These *"fundamental"* rights fall into the substantive class of due process claims which are afforded protection against governmental action regardless of the fairness of the procedures used by the government causing their deprivation. Id. at 1556.

With respect to property interests which are merely created by state law (i.e., an occupational license), McKinney holds that these interests are not subject to substantive due process protection because *"substantive due process rights are created only by the Constitution."* Such state-created rights may be impaired as long as, in doing so, the state

satisfies the procedural requirements of the Fourteenth Amendment. Id. at 1556.

The principles outlined in McKinney -- including its clear distinction between "substantive" due process claims (which do not include a license) and "procedural" due process claims -- have been applied consistently in Florida's federal courts since McKinney was decided in 1994. See Lewis v. Brown, 409 F.3d 1271 (11th Cir. 2005); Greenbriar Village, LLC v. Mountain Brook City, 345 F.3d 1258 (11th Cir. 2003); DeKalb Stone Inc. v. County of DeKalb, Georgia, 106 F.3d. 956 (11th Cir. 1997); Boatman v. Town of Oakland, 76 F.3d 341 (11th Cir. 1996).

Plaintiff's allegations do not establish that he was denied any "fundamental" right guaranteed by the U.S. Constitution. To the contrary, the allegations only address "rights" created by state law. Having relied upon such an explicit state-law-created right, Plaintiff has failed to state a viable substantive due process claim. See Boatman, 76 F.3d at 346; Corn, 95 F.3d 1066; see also Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003) (per curiam) (holding that *"[p]roperty rights would not be fundamental rights since they are based on state law."*) For these reasons, Count II must be dismissed.

**2. No procedural due process violation**

To state a due process claim, a plaintiff must prove the existence of a protected liberty or property interest. See Board of Regents v. Roth, 408 U.S. 564, 569-570 (1972). To establish a property interest in a benefit, a person must have more than an abstract desire or need for, or a unilateral expectation of, the particular benefit. Id. at 577. The individual must

show a legitimate claim of entitlement. Id.; Logan v. Zimmerman Brush Co., 455 U.S. 422, 430-32 (1982). If a court determines that a plaintiff was deprived of a protected interest, the court must then determine if the individual received sufficient process regarding that deprivation. Ross v. Clayton County, Ga., 173 F.3d 1305, 1307 (11th Cir. 1999). *"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"* Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)); Reams v. Irvin, 561 F.3d 1258, 1263 (11th Cir. 2009)("*Due process entitles an individual to notice and* ***some form of hearing*** *before state action may finally deprive him or her of a property interest.*")(emphasis added).

In Count II, Plaintiff conclusorily alleges *"the City officials, including Days, Chiverton and Santiago, acted under color of state law to deprive Plaintiff of his Constitutional rights without due process in violation of 42 U.S.C. § 1983."* Complaint, ¶ 52.

To state a claim for the denial of a property interest (i.e., an occupational license under §205.022, Fla. Stat.) without due process of law, Plaintiff must allege (1) deprivation of a constitutionally-protected property interest; (2) governmental action; (3) **and** constitutionally inadequate process. Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). For such a claim to be valid, the Plaintiff has to demonstrate that **state law** failed to provide him with an adequate pre-deprivation or post-deprivation remedy. See Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996) (per curiam). Here, Plaintiff has not and can not establish the final element of a proper claim (i.e., that he was provided constitutionally inadequate process).

The City's decision that allegedly deprived Plaintiff of a property interest **could** have been been subject to meaningful review by the state court.

Procedural due process is satisfied whenever the State of Florida has provided -- or would have provided -- an adequate post-deprivation remedy. Reams v. Irvin, 561 F.3d 1268, 1266 (11th Cir. 2009); Horton v. Bd. of Cnty. Commisioners of Flagler Cnty., 202 F.3d 1297, 1300 (11th Cir. 2002) (explaining that *"the process a state provides is not only that employed by the board, agency, or other governmental entity whose action is in question, but also includes the remedial process state courts would provide if asked."*); Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (emphasis added); Tinneyv. Shores,77 F.3d 378, 382 (11th Cir. 1996) (per curiam) (holding that *"the [plaintiffs] have failed to state a valid procedural due process claim because they have not alleged that [state] law provided them with an inadequate post-deprivation remedy."*). These cases stand for the proposition that the claimant's ability to secure relief through state-law remedies -- after an initial denial of due process -- negates a claim under 42 U.S.C. § 1983 for an alleged deprivation of procedural due process:

> *[W]e said that only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise. It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim. This rule (that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation) recognizes that the state must have the opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora--agencies, review boards, and state courts before being subjected to a claim alleging a procedural due process violation.*

Cotton v. Jackson, 216 F.3d 1328, 1330-1331 (11th Cir. 2000) (internal citations and quotations omitted).

Because a Florida governmental entity's exercise of its discretion in awarding an occupational licenses is reviewable by Florida courts, see, e.g., Air Conditioning Designers, Inc. v. McGeehee, 252 So. 2d 265 (Fla. Dist. Ct. App. 1971); Miami Beach v. Mr. Samuel's, Inc., 351 So. 2d 719 (Fla. 1977), Plaintiff's procedural due process claim fails as a pure matter of law.

**WHEREFORE**, the Defendant, CITY OF OPA LOCKA, respectfully requests that the Court enter an Order dismissing the Complaint and provide such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of October, 2016, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
ATTORNEYS FOR CITY OF OPA-LOCKA
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone: (954) 463-0100
Facsimile: (954) 463-2444

*/s/ Christopher J. Stearns*
CHRISTOPHER J. STEARNS
Florida Bar Number: 557870

**SERVICE LIST**

**Matias R. Dorta, Esq.**
DORTA LAW
334 Miorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Facsimile: (305) 441-8849
mrd@dortalaw.com
file@dortalaw.com

**Michael A. Pizzi, Jr., Esq.**
MICHAEL A. PIZZI, P.A.
6225 Miamim Lakes Drive, Suite 313
Miami Lakes, Florida 33014
Telephone: (305) 777-3800
Facsimile: (305) 777-3802
moizzi@pizzilaw.com

---

**Christopher J. Stearns, Esq.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
Attorneys for Defendants
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone.: (954) 463-0100
Facsimile.: (954) 463-2444
stearns@jambg.com / blouin@jambg.com